UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

**FILED**

OCT 0 6 2008

CLERK

| | | |
|---|---|---|
| BOBBY D. ROBERTS, | ) | CIV. 07-5084-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff applied for social security disability insurance benefits.  The

Administrative Law Judge (ALJ) denied plaintiff's claim.  Plaintiff seeks judicial review

of the ALJ's decision.  This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

The decision of the ALJ must be upheld if it is supported by substantial evidence

in the record as a whole.  42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir.

1995) (citing Sullies v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994), cert. denied, 573 U.S. 1076,

115 S. Ct. 722, 130 L. Ed. 2d 627 (1995)); Smith v. Shalala, 987 F.2d 1371, 1373 (8th Cir.

1993).  Substantial evidence is less than a preponderance, but enough evidence that a

reasonable mind might find it adequate to support the conclusion.  Fines v Apfel, 149

F.3d 893 (8th Cir. 1998) (citing Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993)). See also

Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995) (citing Richardson v. Perales, 402 U.S.

389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971)). See also Onstead v. Sullivan, 962

F.2d 803 (8th Cir. 1992) (quoting Whitehouse v. Sullivan, 949 F.2d 1005, 1007 (8th Cir.

1991)).  Review by this Court extends beyond a limited search for the existence of

evidence supporting the Commissioner's decision to include giving consideration to

evidence in the record which fairly detracts from the decision.  Brockman v. Sullivan,

987 F.2d 1344, 1346 (8th Cir. 1993); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992);

Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).

However, the Court's role under section 405(g) is to determine whether there is

substantial evidence in the record as a whole to support the decision of the

Commissioner and not to reweigh the evidence or try the issues de novo.  Murphy v.

Sullivan, 953 F.2d 383, 384 (8th Cir. 1992).  Furthermore, a reviewing court may not

reverse the Commissioner's decision "merely because substantial evidence would have

supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993);

Smith v. Shalala, 987 F.2d at 1374 (citing Locher, 986 F.2d at 727 (quoting Baker v.

Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984))).  The Court must review the

Commissioner's decision to determine if an error of law has been committed.  Smith v.

Sullivan, 982 F.2d 308, 311 (8th Cir. 1992); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir.

1983).  The Commissioner's conclusions of law are only persuasive, not binding, on the

reviewing court. <u>Smith v. Sullivan</u>, 982 F.2d at 311; <u>Satterfield v. Mathews</u>, 483 F. Supp. 20, 22 (E.D. Ark. 1979), <u>aff'd per curiam</u>, 615 F.2d 1288, 1289 (8th Cir. 1980).  As long as the ALJ's decision is supported by substantial evidence, then this Court cannot reverse the decision of the ALJ even if the Court would have decided it differently.  <u>Smith</u>, 987 F.2d at 1374.

### BACKGROUND AND DISCUSSION

Plaintiff is a 47-year-old man, born on October 14, 1960.  On June 29, 2004, plaintiff filed for social security disability insurance benefits, alleging disability commencing on November 6, 2002.  Administrative Record (AR) 12.  Plaintiff cited the following ailments as a basis for disability: 1) chronic, severe back/neck pain which radiates into his extremities; 2) status-post bi-level fusion; 3) hyperlipidemia; 4) GERD; 5) status-post hemilaminectomy, foraminotomy, and facetectomy; 6) depression and anxiety; and 7) chronic headaches, 24/7 and interfering with ability to concentrate, remember and focus.  AR 13, 115.  Plaintiff's claims were denied at all stages, and he appealed to the ALJ.

The ALJ hearing was held on June 30, 2005.  AR 12.  Plaintiff was represented by counsel.  <u>Id.</u>  On July 28, 2005, the ALJ issued his decision.  AR 12-27.  The ALJ found that plaintiff was not entirely credible, was not disabled, and that there were a significant number of jobs in the national economy that he could perform.  <u>Id.</u> Accordingly, plaintiff's claim for benefits was denied.  The present appeal followed.

Plaintiff raises two issues in this appeal: 1) whether or not the ALJ erred by rejecting the treating physician assessments of plaintiff's ability to function and by failing to grant controlling weight to those assessments; and 2) whether or not the ALJ's adverse credibility determination is supported by substantial evidence. For reasons that follow, the Court concludes that neither issue raised by plaintiff warrants reversal of the ALJ's decision, which is supported by substantial evidence and therefore must be affirmed.

**A.      Treating Physician Assessments**

The Eighth Circuit has held that "[a] treating physician's opinion is generally entitled to substantial weight, but it does not automatically control, because the ALJ must evaluate the record as a whole." Davidson v. Astrue, 501 F.3d 987, 990 (8th Cir. 2007) (citations omitted). Nonetheless, the ALJ is required to "give good reasons in [the] notice of determination or decision for the weight [given to the] treating source's opinion." 20 C.F.R. § 404.1527(d)(2).

Plaintiff argues that "[t]he record in this matter contains functional capacity assessments from three different treating and examining physicians which consistently conclude that Plaintiff is unable to work for more than one-half of a workday due to his medical impairments." Plaintiff's Brief (Docket #10) at 14. The three physicians referenced by plaintiff are Dr. Rand Schleusener, Dr. Mark Simonson, and Dr.

Christopher Dietrich.  In his decision, the ALJ gave these opinions little weight, which plaintiff contends was erroneous.

**1.      Dr. Schleusener**

Dr. Schleusener performed cervical fusion surgery on plaintiff in 2000.  In a medical note from November 9, 2001 – over a year after the surgery – Dr. Schleusener indicated that plaintiff "is quite pleased with his results."  AR 216.  Plaintiff reported that his pain was a three out of ten, and intermittent in nature.  Id.  The note indicates that plaintiff's wounds were well healed and that his neurologic examination was normal.  Id.  Dr. Schleusener concluded by noting that "overall, [plaintiff] has done well."  Id.

Plaintiff's next visit with Dr. Schleusener occurred ten months later.  According to Dr. Schleusener's notes from the appointment, plaintiff's "biggest problem is headaches and neck pain and he is seeing Dr. Simonson and being treated for that."  AR 215.  There is no mention of any problems or concerns relating to the surgery performed in 2000.  Nevertheless, Dr. Schleusener noted that plaintiff "asked me to fill out some paperwork for Social Security Disability."  Id.  Dr. Schleusener noted that he wished to limit plaintiff's work to "light duty half time currently."  Id.  Plaintiff seeks to rely upon this statement in establishing disability, and plaintiff contends that the ALJ erred by not giving this opinion controlling weight.

The ALJ discounted Dr. Schleusener's opinion on the basis that 1) plaintiff's treatment relationship with Dr. Schleusener was sporadic, and 2) Dr. Schleusener's office notes concerning plaintiff and his condition were not consistent with the opinion that plaintiff was limited to half-time work. Both of these reasons were valid, and the ALJ did not err in discounting Dr. Schleusener's opinion. First, the regulations provide that the frequency (or infrequency) of examination and treatment may be considered in determining the weight to grant a physician's opinion. 20 C.F.R. § 404.1527(d)(2)(I). Second, Dr. Schleusener's opinion that plaintiff is limited to half-time work is inconsistent with medical notes made after plaintiff's back fusion surgery, as noted above. Eighth Circuit case law provides that "[w]hen a treating physician's notes are inconsistent with his or her residual functional capacity assessment, we decline to give controlling weight to the residual functional capacity assessment." Pirtle v. Astrue, 479 F.3d 931, 933 (8th Cir. 2007) (citations omitted). As such, the ALJ's decision to discount Dr. Schleusener's opinion is supported by substantial evidence.

2.    **Dr. Simonson**

On May 2, 2005, Dr. Simonson completed a medical assessment of plaintiff's ability to do work-related activities. AR 258-59. Dr. Simonson estimated that plaintiff was unable to work more than four hours per day due to his condition. Id. Plaintiff

6

seeks to rely upon this statement in establishing disability, and plaintiff contends that the ALJ erred by not giving this opinion controlling weight.

The ALJ properly discounted Dr. Simonson's opinion due to inconsistencies in the record as a whole. As noted by the ALJ, Dr. Simonson's note from May 2, 2005, provided that "we are currently modifying [plaintiff's] medication regimen and if successful, work tolerance should increase." AR 259. A review of Dr. Simonson's subsequent medical notes pertaining to plaintiff reveals that that is precisely what happened. After attempts to remedy plaintiff's headaches with acupuncture and physical therapy were unsuccessful, Dr. Simonson turned to narcotic therapies. AR 246-55. Dr. Simonson started plaintiff on a trial of OxyContin, and plaintiff reported that "this helps quite a bit for his usual, daily headache." AR 245. Dr. Simonson prescribed Percocet for breakthrough pain, which plaintiff also responded well to. In a medical note from May 31, 2005, Dr. Simonson recorded plaintiff's assessment that "this regimen is working relatively well," and that "[plaintiff] would like to continue." AR 242. Dr. Simonson noted "[s]ituation stable now with reasonable relief with the combination of OxyContin and Percocet[.]" Id. These subsequent treatment notes are inconsistent with Dr. Simonson's assessment from May 2, 2005, and call into question the continuing validity of that assessment. As such, the ALJ decision to discount Dr. Simonson's opinion is supported by substantial evidence.

3.      **Dr. Dietrich**

Approximately eight months after the ALJ issued his decision, plaintiff submitted a medical assessment of plaintiff's ability to do work-related activities completed by Dr. Dietrich.  AR 270-74.  Dr. Dietrich concluded that plaintiff, due to his physical limitations, could work no more than three or four hours in a day.  AR 272.  The Appeals Council considered but did not accept Dr. Dietrich's opinion.  Thus, this Court "must decide whether the ALJ's decision is supported by substantial evidence in the whole record, including the new evidence."  O'Donnell v. Barnhart, 318 F.3d 811, 816 (8th Cir. 2003).

Dr. Dietrich's opinion does not warrant reversal of the ALJ's decision.  Dr. Dietrich is not a treating physician, and there is no indication that Dr. Dietrich even examined plaintiff.  The sole purpose for the relationship between plaintiff and Dr. Dietrich was for the completion of paperwork for plaintiff's disability claim.  Dr. Dietrich lacks sufficient experience with plaintiff to render a controlling opinion as to his functional limitations.  Finally, Dr. Dietrich's notes from the consultation are inconsistent with other evidence in the record.  For instance, Dr. Dietrich notes that plaintiff "has been through numerous trials of medications, injections, courses of physical therapy" yet "[h]is symptoms are still quite persistent."  AR 270.  This statement cannot be reconciled with Dr. Simonson's notes providing that plaintiff's

8

situation was stable with reasonable relief from narcotics, as detailed above.  In short,

Dr. Dietrich's opinion is unpersuasive and in no way casts doubt on the ALJ's decision.

**B.**    **Plaintiff's Credibility**

The ALJ found that plaintiff's "statements concerning his impairments and their

impact on his ability to work are not entirely credible in light of the medical evidence

and the discrepancies between the claimant's assertions and the information contained

in the documentary reports." AR 21.  The ALJ cited a number of inconsistencies in the

record to support this finding.  AR 21-24.  For instance, the ALJ found that plaintiff's

activities were incongruous with the degree of limitation plaintiff alleged.  The ALJ

noted discrepancies between plaintiff's and his wife's written reports regarding

plaintiff's activities and his overall condition.  The ALJ further noted discrepancies

between plaintiff's testimony at the hearing and the functional limitations he described

to treating physicians, especially concerning his alleged need to lie down.

This Court is mindful of the instruction that "[t]he credibility of a claimant's

subjective testimony is primarily for the ALJ to decide, not the courts."  Pearsall v.

Massanari, 274 F.3d 1211, 1218 (8th Cir. 2001).  Moreover, this Court may reverse the

ALJ's credibility determination "only if it falls outside the available zone of choice," and

"[a] decision is not outside the zone of choice simply because [the Court] may have

reached a different conclusion had [it] been the fact finder in the first instance." Hacker v. Barnhart, 459 F.3d 934, 936 (8th Cir. 2006) (citations and quotation marks omitted).

Plaintiff contends that the ALJ improperly evaluated plaintiff's subjective allegations of pain and functional limitations by failing to engage in the analysis required by Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). Polaski requires the ALJ to consider a claimant's "prior work history; daily activities; duration, frequency, and intensity of the pain; dosage, effectiveness and side effects medications; precipitating and aggravating factors; and functional restrictions." O'Donnell v. Barnhart, 318 F.3d 811, 816 (8th Cir. 2003) (citations omitted). Plaintiff complains that the ALJ failed to properly consider all of these factors. The Court does not agree. As the Eighth Circuit has noted, "[t]he ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered," Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004), and "an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000). In order to comply with Polaski, an ALJ "must make an express credibility determination that explains, based on the record as a whole, why the claims were found to be not credible." Dukes v. Barnhart, 436 F.3d 923, 928 (8th Cir. 2006) (citations omitted). This is precisely what the ALJ has done in this case. The ALJ specifically acknowledged the Polaski framework, and proceeded to

10

discuss several of those factors in detail.  The ALJ supported his adverse credibility

finding by citing to specific inconsistencies in the record as a whole, as is required.  As

such, the ALJ's credibility finding is supported by substantial evidence.

C.      **Conclusion**

Based upon the foregoing discussion, it is hereby

ORDERED that plaintiff's complaint (Docket #1) is dismissed, plaintiff's motion

for summary judgment (Docket #9) is denied, and the decision of the ALJ is affirmed.

Dated this _____ day of October, 2008.

BY THE COURT:


RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE